ARMOUR & CO. v. CARPENTER.

No. 31175. Oct. 5, 1943.

*141 P. 2d 797.*

Moore & Royse, of Elk City, and H. C. Ivester, of Sayre, for plaintiff in error.

W. F. Smith, of Oklahoma City, and Leo J. Canavan, of Elk City, for defendant in error.

Irving J. Levy, Acting Solicitor, and Bessie Margolin, Asst. Solicitor, both of Washington, D. C.; Llewellyn B. Duke, Regional Attorney of Dallas, Texas, and Adam G. Wenchel of Washington, D. C., for L. Metcalfe Walling, Administrator of the Wage and Hour Division, United States Department of Labor, amici curiae.

GIBSON, V. C. J. This is an action by an employee against his employer to recover compensation for overtime employment under the provisions of the Fair Labor Standards Act of 1938 (29 U.S.C.A. 201-219).

Defendant stood on its demurrer to plaintiff's evidence after the same was overruled, and now appeals from the ensuing judgment for plaintiff.

Defendant's only complaint is that the court erred in its finding of facts and conclusions of law and in rendering the judgment based thereon for the reason that defendant was exempt from the operation of the act.

The evidence shows that defendant's business wherein plaintiff was employed came generally within the classification of interstate commerce as defined by the act aforesaid. Sections 202, 203(b). The business in question was operated at Elk City, where defendant was engaged in purchasing cream and poultry from farmers. The cream was processed

and the poultry dressed for marketing. Plaintiff was employed mainly to test cream and issue company checks to farmers in payment therefor. At times, when the poultry department was crowded, he purchased poultry and issued checks in payment. But, as to the time and duration of the latter service, the evidence is wholly silent. Plaintiff was unable to state even the approximate time devoted thereto.

Plaintiff was in the above employment on October 24, 1938, the date the act became effective, and continued therein until May 30, 1940.

The trial court rendered judgment for the time put in by plaintiff in excess of the hours limited by the act (sec. 207) in the sum equal to one and one-half times the regular rates at which plaintiff was employed. That is, the judgment was for time and one-half for the overtime.

It appears from the special findings that the court considered plaintiff as having been employed in dressing poultry, and therefore engaged in a seasonal employment within the meaning of paragraph (c), section 207, which section would permit overtime employment without extra compensation during 14 weeks in any year, but which would not relieve the employer from paying extra compensation for overtime put in during the remaining weeks of the year. The judgment was based on that theory, and allowed compensation at the rate of time and one-half for all overtime, less the overtime put in during a period of 14 weeks in each year.

Defendant takes the position that plaintiff was employed in the business of purchasing and processing milk and cream, and that the defendant as employer was exempt from the operation of the act by reason of the provisions of section 207(c), or, if defendant was not exempt, the plaintiff, by reason of the nature of his employment, was excluded from the act by section 213(a) (10) thereof. In this connection it is said that the evidence was insufficient

to warrant a finding that plaintiff devoted any overtime to the purchase and dressing of poultry.

Section 207, supra, limits the number of hours per week during which employees may be permitted to work without extra compensation over and above their agreed wage, and provides for payment of overtime wages as aforesaid. Subsection (b) thereof defines certain classes of employers who shall not be deemed to have violated the above provision by permitting overtime work. And subsection (c), which forms the basis of a portion of this controversy, reads as follows:

"In the case of an employer engaged in the first processing of milk, whey, skimmed milk, or cream into dairy products, or in the ginning and compressing of cotton, or in the processing of cottonseed, or in the processing of sugar beets, sugar beet molasses, sugarcane, or maple sap, into sugar (but not refined sugar) or into syrup, the provisions of subsection (a) shall not apply to his employees in any place of employment where he is so engaged; and in the case of an employer engaged in the first processing of, or in canning or packing, perishable or seasonal fresh fruits or vegetables, or in the first processing, within the area of production (as defined by the Administrator), of any agricultural or horticultural commodity during seasonal operations, or in handling, slaughtering, or dressing poultry or livestock, the provisions of subsection (a), during a period or periods of not more than fourteen workweeks in the aggregate in any calendar year, shall not apply to his employees in any place of employment where he is so engaged."

Section 213 of the act defined certain classes of employees to whom the act shall not apply. Among the classes of employees so excluded, and to which the act does not apply, are those mentioned in subsection (10) of section 213(a). Said subsection reads as follows:

"to any individual employed within the area of production (as defined by the Administrator), engaged in handling,

packing, storing, ginning, compressing, pasteurizing, drying, preparing in their raw or natural state, or canning of agricultural or horticultural commodities for market, or in making cheese or butter or other dairy products."

It is seen that under the provision first above quoted, (207(c)), the defendant as employer was excluded from the operation of the act if defendant was "engaged in the first processing of milk, whey, skimmed milk, or cream into dairy products," and if plaintiff as its employee was working at the place of employment where defendant was so engaged.

Had defendant's business been confined to the processing of milk, it is clear that plaintiff's employment would have been excluded from the act. But defendant was also engaged in purchasing and dressing poultry for the market. That is a class of business specifically included in the act, and the hours of employment limited for all weeks within the year, less 14 weeks (207(c)).

With respect to the operation of the act, defendant was engaged in a business of a dual nature, one branch without, and the other within, the act. Plaintiff devoted the larger portion of his regular hours to the former. But, as to his alleged overtime, he was unable to say how much thereof, if any, was actually devoted to the latter.

Our opinion is that in such case the burden is on the employee to show that the overtime for which he claims compensation was performed in the branch of the business covered by the act.

We are aware of no contrary authority. However, plaintiff apparently believes that the holding in Bowie v. Gonzalez, 117 Fed. 2d 11, is contrary to our views. It was there said, in effect, that the burden was on the employer to show that it came within the exceptions of the act. But that statement does not purport to infer that the employee need

not show the nature of the business in which he performed overtime services. Mere proof that he worked overtime for defendant, without identifying the nature of the employment, would not be sufficient to establish a prima facie case.

Plaintiff devotes considerable space in his brief to the question of the constitutionality of the act. Since defendant raises no such question on appeal, we shall not consider the matter.

Plaintiff also devotes considerable argument to the question whether that portion of the act, section 216(b), authorizing recovery of liquidated damages in addition to compensation for overtime, is in its nature penal, and the claim therefor barred by the state statute of limitations governing actions of that nature.

The trial court did consider the liquidated damages as penal in nature and held that the cause of action therefor as stated in plaintiff's petition was barred as to the portion of the claim accruing more than one year next preceding the commencement of the action (12 O. S. 1941 § 95, subd. 4).

However, plaintiff has filed no cross-appeal. Therefore, the error, if any, in applying the statute of limitations is not here for review.

A brief amicus curiae has been submitted on behalf of the United States Department of Labor. The brief is devoted entirely to the question of the statute of limitations aforesaid. Since that question has not been placed in issue here by the parties, the brief fails as a guide to the court.

The judgment is reversed and the cause remanded for a new trial.

CORN, C. J., and RILEY, BAYLESS, WELCH, DAVISON, and ARNOLD, JJ., concur. OSBORN and HURST, JJ., absent.